UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IB ELECTRIC INC., | Case No. 23-11190 |
|         Plaintiff, | |
| v. | Sean F. Cox |
| | Chief United States District Judge |
| CUMMINS INC., | |
|         Defendant. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

## ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER
## (ECF No. 21)

Plaintiff bought a generator from a third party during 2021. Plaintiff hired Defendant to perform maintenance work on the generator, as it had been used before Plaintiff's purchase. After some routine maintenance, Plaintiff alleges that Defendant caused damage to the generator while performing a load test, but Defendant refuses to acknowledge responsibility for the damage. Plaintiff sued for breach of contract. (ECF No. 1-1). Plaintiff served a notice of deposition on July 10, 2024, to depose a corporate representative for Defendant. (ECF No. 21-1). Defendant moved for a protective order to preclude the deposition from covering the maintenance history of the generator before Plaintiff's purchase. This motion was referred to the undersigned. (ECF No. 22).

The Court scheduled a status conference to occur on September 30, 2024, to discuss the motion. The conference did not go forward—Defendant's counsel did

not appear, but called later to inform the Court of difficulties joining the call. The Court attempted to restart the status conference, but Plaintiff's counsel Dennis Harris's contact information is incorrect and the Court could not reach counsel Donald Bachand.

Federal Rule of Civil Procedure 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements." *Id*. (citations and internal quotation marks omitted).

The deposition notice seeks the testimony of "the person most knowledgeable as to the ownership, age and maintenance history of the generator prior to Plaintiff's purchase." (ECF No. 21-1, PageID.130). Defendant argues that good cause exists to preclude such testimony because the maintenance history of the generator is irrelevant. This case is about the contract between the parties which required Defendant to perform work on the generator during 2022.

Defendant insists that the issue is what it did or did not do when it serviced the generator in 2022.  (ECF No. 21, PageID.125-26).  Even if the maintenance history in the 30 years before Plaintiff's purchase was relevant, Defendant insists that preparing a corporate representative to testify about 30 years of history is oppressive and unduly burdensome.  (*Id.* at PageID.126).

Plaintiff's two-part response creates some confusion as to what Plaintiff seeks.  In the "Facts" section of the response, Plaintiff asserts that documents on the 30-year maintenance history are relevant because it could establish that but for Defendant's conduct the generator would not have been damaged.  (ECF No. 23, PageID.144).  In the prayer for relief following the "Facts," Plaintiff asks that the production of records and the deposition go forward.  The brief continues with "Argument."  Here, Plaintiff insists it is "only seeking the maintenance records for the generator to the extent that they exist."  (*Id.* at PageID.147).

Given the first portion of the brief asserts entitlement to the deposition in the first prayer for relief, the Court does not consider Defendant's motion unopposed.

Defendant did not make a showing of "clearly defined and serious injury resulting from the discovery sought" to justify a protective order.  Plaintiff alleged that Defendant agreed to perform an oil change and complete a start-up inspection of the generator, and that Defendant breached that agreement by failing to complete the work and in performing the work in a defective manner.  (ECF No. 1-

3

2, PageID.13). The maintenance completed on the generator before the purchase would have some relevance to the question whether Defendant is responsible for the damage incurred in 2022. Defendant asserts through counsel's statements in a brief that it would be overly burdensome to search for the records and prepare a corporate witness to testify about those records. This is insufficient to establish the requisite burden. The Court finds it implausible that collecting maintenance records and preparing a witness to discuss those records is so burdensome that the Court must intervene and prevent the deposition, certainly without further factual development on the burden.

It is unclear if the dispute is still ripe for Court intervention, but the Court could not confirm this at the status conference because of the issues stated above. To the extent the issues are still ripe, the Court rules as follows.

Despite Defendant's insufficient showing of good cause, the Court agrees that 30 years of information is too attenuated to be proportional to the needs of the case. Thus, the motion is **GRANTED IN PART**, but Defendant must search for and provide maintenance records and an informed 30(b)(6) deponent for records in Defendant's possession dating back 15 years preceding Plaintiff's purchase.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 30, 2024                    s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge