UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IB ELECTRIC, INC.,

    Plaintiff,

v.

CUMMINS, INC.,

    Defendant.
_____/

Case No. 23-cv-11190

Hon. Sean F. Cox
United States District Court Judge

**OPINON & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 25)**

In this diversity case, Plaintiff IB Electric, Inc. ("IBE") pled that Defendant Cummins, Inc. breached two contractual obligations: (1) to render IBE's combination power generator and engine, or "genset," operational; and (2) to not damage that genset during Cummins's performance. Cummins now moves for summary judgment and argues, among other things, that IBE can't prove breach. In response, IBE abandons its original theories of breach and advances a new one: that Cummins breached the implied warranty of workmanship. But IBE never pled this breach-of-warranty claim, so Cummins is entitled to summary judgment.

**BACKGROUND**

IBE purchased a genset that was equipped with an engine manufactured by Cummins and later contacted Cummins to service that genset. IBE pled that the parties subsequently "entered into an agreement for [Cummins] to inspect [IBE]'s generator and to perform such testing, diagnostics, and other services as would be required to render the generator operational." (ECF No. 6, PageID.78). Cummins answered that the parties' contract was "memorialized in and performed pursuant to written agreements" that "speak for themselves." (ECF No. 8, PageID.84).

1

Cummins's agent, Andrew Michaluk, later tried to service IBE's genset on three separate occasions. Michaluk's first attempt failed because IBE had not installed the genset and its supporting components properly. IBE fixed those issues and Michaluk tried again, but this time the genset began blowing exhaust into a nearby building. IBE fixed that issue too, and Michaluk then tried to service the genset a third time. On his third attempt, Michaluk noticed that nearly a gallon of oil had leaked out of the genset. Michaluk nevertheless started the genset, which ran smoothy at partial load for around ninety minutes. But when Michaluk tried to run the genset at 100% capacity, its engine's dip stick blew out and oil started shooting out of the engine's dip-stick tube. That wasn't supposed to happen, so Michaluk powered off the genset and told IBE what had happened. IBE pled that it ultimately bought a replacement genset. This breach-of-contract action followed.

Discovery has closed, and Cummins now moves for summary judgment. Cummins's motion was fully briefed, the Court heard oral argument, and the Court grants Cummins's motion for the following reasons.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if, taking the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, 'a reasonable jury could return a verdict for the nonmoving party.'" *DeVore v. Univ. of Ky. Bd. of Trs.*, 118 F.4th 839, 844 (6th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

The parties agree that Indiana law governs IBE's breach-of-contract claim.  *See GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th Cir. 1998) ("[C]ourts need not address choice of law questions *sua sponte*." (quoting *In re Korean Air Lines Disaster of Sept. 1, 1983*, 932 F.2d 1475, 1495 (D.C. Cir. 1991)).  Thus, IBE must prove "the existence of a contract, [Cummins]'s breach thereof, and damages" to prevail.  *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021) (quoting *Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993)).

IBE pled that Cummins breached by failing to render IBE's genset operational and by damaging the genset during Cummins's attempt to perform.  As such, the following facts are material to breach: (1) whether Cummins was obligated to render IBE's genset operational; (2) whether Cummins was obligated not to damage IBE's genset during Cummins's performance; and (3) assuming Cummins was bound to perform one or both of those obligations, whether it failed to do so.  *DeVore*, 118 F.4th at 845 (explaining that courts must first "examine the pleadings to ascertain what issues of fact they present" to resolve a motion for summary judgment (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2721 (4th ed. June 2024 Update))).

In its summary-judgment motion, Cummins does not directly address whether it was obligated to render IBE's genset operational; it argues only that IBE can't prove breach because IBE can't prove it damaged the genset during its attempted performance.  And Cummins argues IBE can't prove it damaged the genset without expert testimony.  Indeed, accurate testimony about whether and to what extent a workman damaged power-generation equipment such as a genset would be "based on scientific, technical, or other specialized knowledge," and therefore such witness would need to be qualified as an expert.  Fed. R. Evid. 701(c); *see e.g.*, *W.W. Williams Midwest, Inc. v. Lien Waver*, No. 08-cv-00410, 2009 WL 3823910, at *7–10 (W.D.

3

Mich. Nov. 13, 2009) (finding that expert knowledge was necessary to understand how a boat engine works).

In response, IBE concedes that Cummins was never obligated to render its genset operational.[1]  IBE also concedes that it can't prove Cummins damaged its genset.[2]  IBE nevertheless maintains that its breach-of-contract claim survives Cummins's summary-judgment motion because it can prove that Cummins breached the common-law warranty of workmanship that Indiana courts imply in contracts for work.[3]  *See, e.g.*, *Homer v. Burman*, 743 N.E.2d 1144 (Ind. Ct. App. 2001) ("In a contract for work, there is an implied duty to do the work skillfully, carefully, and in a workmanlike manner." (alteration omitted) (quoting *Hagerman Constr., Inc. v. Copeland*, 697 N.E.2d 948, 958 (Ind. Ct. App. 1998))).  IBE concludes that lay testimony from Michaluk about his attempt to service its genset would be sufficient to prove Cummins breached the implied warranty of workmanship because even lay jurors could understand that a reasonably skilled workman wouldn't start a genset that is leaking oil.

IBE's reliance on the implied warranty of workmanship at this stage is problematic because nothing in the pleadings indicates that IBE brings a breach-of-warranty claim.  *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009) ("As at the initial pleading stage, the question remains [at the summary judgment stage] whether [the defendant] had adequate notice of the charges it was defending.").  IBE pled that Cummins wrongfully failed to render its genset

---

[1] IBE states that it "entered into a Contract for [Cummins] to inspect the Genset, change its oil and then conduct a load bank test on it."  (ECF No. 31, PageID.354).  A contract to service IBE's genset is a far cry from a contract to render IBE's genset operational.

[2] IBE states, "The reality is that neither party will ever be able to determine *with or without* an expert if the engine failed at the end of the load bank test due to preexisting internal damage or if the failed load bank test caused the internal damage to the Genset."  (ECF No. 31, PageID.354 (emphasis added)).

[3] IBE does not address whether Cummins breached any *express* warranties.

4

operational and damaged the genset during Cummins's attempted performance. But "[a] non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion." *Tucker v. Union of Needletrades, Industrial & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2723 (3d ed. Supp. 2005)). IBE's attempt to rely on a new theory of liability at this stage fails.

IBE concedes that Cummins was never obligated to render its genset operational, and Cummins puts IBE to its proofs on the issue of whether Cummins damaged its genset. Proving that Cummins damaged IBE's genset would require expert testimony, but IBE doesn't come forward with any. It follows that the parties don't genuinely dispute any facts material to breach and that Cummins is entitled to judgment as a matter of law.

## CONCLUSION & ORDER

IBE concedes that Cummins never promised to render its genset operational and that it can't prove Cummins damaged its genset. IBE maintains that it *can* prove Cummins breached the implied warranty of workmanship, but IBE never pled that theory of breach. Accordingly, **IT IS ORDERED** that Cummins's motion for summary judgment (ECF No. 25) is **GRANTED**.

**IT IS SO ORDERED.**

                                                                s/Sean F. Cox
                                                                 Sean F. Cox
                                                                 United States District Judge

Dated: January 23, 2025